## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN,              ) | |
|                                    ) | |
|      Plaintiff,             ) | |
|                                    ) | Cause No.: 4:19-cv-02356-SNLJ |
| vs.                         ) | |
|                                    ) | Jury Trial Demanded |
| DAVID MAAS,                 ) | |
| and,                        ) | |
| CHASE WELLINGTON,           ) | |
| SERVE AT:                   ) | |
| 9623 St. Charles Rock Road  ) | |
| Overland, MO 63114          ) | |
|      Defendants.            ) | |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Isaiah Forman, by and through his undersigned counsel and for his Second Amended Complaint would state as follows:

1. Plaintiff Isaiah Forman is an adult individual who was at times relevant to this Second Amended Complaint a resident of the County of St. Louis, State of Missouri.

2. Defendant David Maas (hereinafter, "Officer Maas") is an individual who at all times relevant to this action was a police officer with the Woodson Terrace, Missouri Police Department.

3. Defendant Chase Wellington (hereinafter, "Officer Wellington") is an individual who at all times relevant to this action was a police officer with the Breckenridge Hills, Missouri Police Department.

## Jurisdiction

4. Isaiah Forman brings this civil rights action pursuant to 42 U.S.C. §1983 and §1988 and the Fourth Amendment to the United States Constitution.

## Venue

5. The events complained of occurred in St. Louis County, Missouri, within the venue of this judicial district.

## Color of State Law

6. At all times relevant to this action, Officer Maas acted under color of state law. Particularly, at all times relevant to this action, Officer Maas acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions.

7. At all times relevant to this action, Officer Wellington acted under color of state law.  Particularly, at all times relevant to this action, Officer Wellington acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions.

## Jury Demand

8. Isaiah Forman demands trial by jury.

## Facts

9. That on or about April 14, 2019, Officer Maas assaulted and battered the person of Isaiah Forman in connection with an attempt by Officer Maas and others to arrest Isaiah Forman.

10. That on or about April 14, 2019, Officer Wellington assaulted and battered the person of Isaiah Forman during or after the arrest Isaiah Forman.

11. That at the time of such assault, Isaiah Forman was engaged in no offensive or aggressive behavior and had physically surrendered peaceably to the police including Officer Maas and Officer Wellington.

12. That despite such surrender on the part of Isaiah Forman, Officer Maas approached Isaiah Forman with his weapon drawn and proceeded to repeatedly kick and strike Isaiah Forman about the head, body and chest.

13. That despite such surrender on the part of Isaiah Forman and at a time when other officers had physical control of Isaiah Forman who had previously surrendered to such officers, Officer Wellington approached Isaiah Forman and proceeded to kick and strike Isaiah Forman's chest and body.

14. That at the time of such assault and battery, Isaiah Forman was not engaged in any aggressive behavior, was not posing any risk of injury or threat to himself, the police officers, or the general public and had, in fact, physically surrendered to the above-referenced officers.

15. Officer Maas and Officer Wellington's conduct violated clearly established statutory or constitutional rights which a reasonable person would have known.

### Count I
### Fourth Amendment
### Excessive Force

16. Plaintiff Isaiah Forman repeats and realleges the material allegations of paragraphs 1 through 15 hereinabove and incorporates the same herein for all purposes.

17. Under the totality of the circumstances, it was unreasonable for Officer Maas to use force to:

   a) threaten Plaintiff with his firearm displayed; and/or

        b)      kick Plaintiff in the head, chest and body.

18.    Plaintiff Isaiah Forman has a well established Fourth Amendment constitutional right to be free of unreasonable or excessive force.

19.    That as a direct and proximate result of the above and foregoing acts of Officer Maas, Isaiah Forman has suffered the following actual damages:

    a)    Pain, suffering, fear, terror and emotional distress as a result of the unconstitutional beating and unreasonable treatment;

    b)    Past medical bills and expenses for his care, treatment and cure of the injuries sustained as a result of such unconstitutional beating and unreasonable treatment;

    c)    The cost of future medical care, treatment and cure;

    d)    Traumatic brain injury, injuries to his neck and back and the normal consequences thereof; and

    e)    Reasonable attorney's fees, taxable and non-taxable costs associated with the prosecution of this action.

### Attorney's Fees and Costs-42 U.S.C. §1988

20.    Plaintiff Isaiah Forman's substantive claims are brought under the Civil Rights Act, 42 U.S.C. §1983.

21.    In pursuit of his federal civil rights claims, Plaintiff has been incurring reasonable attorney's fees and costs, including taxable and non-taxable costs.

22.    If and when Plaintiff prevails in this litigation by materially altering the relationship between Plaintiff and Officer Maas by entry of judgment or reaching settlement in

favor of Plaintiff and against Officer Maas, Plaintiff will seek his reasonable attorney's fees and costs under § 42 U.S.C. §1988.

## Punitive Damages

23. The actions of Officer Maas were malicious or recklessly indifferent to and in violation of Plaintiff's constitutional right to be free of unlawful and excessive force and were taken in the face of a perceived risk that they would violate federal law.

## No Qualified Immunity

24. No objectively reasonable officer would believe that the arrest of Isaiah Forman would reasonably require the force engaged in by Officer Maas.

25. There was no conflicting information that could not be immediately resolved.

26. Officer Maas was plainly incompetent or knowingly violated the law.

27. Plaintiff's constitutional rights at issue and the claims herein alleged were clearly established before the incident.

28. The events were sufficiently similar to other cases to have put Officer Maas on notice that his conduct was unconstitutional or his conduct was so egregious or obvious that a prior factually on point decision is unnecessary to make illegality clear.

WHEREFORE, for the foregoing reasons, Plaintiff Isaiah Forman prays for judgment under 42 U.S.C. 1983 and 1988 against Officer David Maas in his individual capacity for excessive force in violation of the Fourth Amendment, for compensatory damages in excess of the jurisdictional minimums of this Court, for punitive damages, for reasonable attorney's fees, and non-taxable expenses, for costs, and for such other and further relief as the Court finds to be just, reasonable and proper.

### Count II
### Fourth Amendment
### Excessive Force

29.  Plaintiff Isaiah Forman repeats and realleges the material allegations of paragraphs 1 through 28 hereinabove and incorporates the same herein for all purposes.

30.  Under the totality of the circumstances, it was unreasonable for Officer Wellington to use force to kick Plaintiff in the chest and body.

31.  Plaintiff Isaiah Forman has a well established Fourth Amendment constitutional right to be free of unreasonable or excessive force.

32.  That as a direct and proximate result of the above and foregoing acts of Officer Wellington, Isaiah Forman has suffered the following actual damages:

   a)  Pain, suffering, fear, terror and emotional distress as a result of the unconstitutional beating and unreasonable treatment;

   b)  Past medical bills and expenses for his care, treatment and cure of the injuries sustained as a result of such unconstitutional beating and unreasonable treatment;

   c)  The cost of future medical care, treatment and cure;

   d)  Injuries to his chest, neck and back; and

   e)  Reasonable attorney's fees, taxable and non-taxable costs associated with the prosecution of this action.

### Attorney's Fees and Costs-42 U.S.C. §1988

33.  Plaintiff Isaiah Forman's substantive claims are brought under the Civil Rights Act, 42 U.S.C. §1983.

34. In pursuit of his federal civil rights claims, Plaintiff has been incurring reasonable attorney's fees and costs, including taxable and non-taxable costs.

35. If and when Plaintiff prevails in this litigation by materially altering the relationship between Plaintiff and Officer Wellington by entry of judgment or reaching settlement in favor of Plaintiff and against Officer Wellington, Plaintiff will seek his reasonable attorney's fees and costs under § 42 U.S.C. §1988.

## Punitive Damages

36. The actions of Officer Wellington were malicious or recklessly indifferent to and in violation of Plaintiff's constitutional right to be free of unlawful and excessive force and were taken in the face of a perceived risk that they would violate federal law.

## No Qualified Immunity

37. No objectively reasonable officer would believe that the arrest of Isaiah Forman would reasonably require the force engaged in by Officer Wellington.

38. There was no conflicting information that could not be immediately resolved.

39. Officer Wellington was plainly incompetent or knowingly violated the law.

40. Plaintiff's constitutional rights at issue and the claims herein alleged were clearly established before the incident.

41. The events were sufficiently similar to other cases to have put Officer Wellington on notice that his conduct was unconstitutional or his conduct was so egregious or obvious that a prior factually on point decision is unnecessary to make illegality clear.

WHEREFORE, for the foregoing reasons, Plaintiff Isaiah Forman prays for judgment under 42 U.S.C. 1983 and 1988 against Officer Chase Wellington in his individual capacity for excessive force in violation of the Fourth Amendment, for compensatory damages in excess of

the jurisdictional minimums of this Court, for punitive damages, for reasonable attorney's fees, and non-taxable expenses, for costs, and for such other and further relief as the Court finds to be just, reasonable and proper.

*Respectfully submitted,*

McCLOSKEY, P.C.

BY: */s/ Mark T. McCloskey*
Mark T. McCloskey, #36144(MO)
Patricia N. McCloskey, #36153(MO)
The Niemann Mansion
4472 Lindell Blvd.
St. Louis, Missouri 63108
(314) 721-4000 telephone
(314) 721-3664 facsimile
mccloskeylaw@aol.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on **February 10, 2020** electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Mark T. McCloskey*