# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISSION

|  |  |  |
|---|---|---|
| ISAIAH FORMAN, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| V. | ) | Case No.: 4:19-CV-2356 |
|  | ) | |
| DAVID MAAS | ) | |
|  | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant David Maas ("Defendant Maas"), by and through his undersigned counsel, hereby Answers Plaintiff's Second Amended Complaint for Damages (Doc. 22) as follows:

1. Defendant Maas, at this time, is without sufficient information to admit or deny the allegations of Paragraph 1, and therefore denies same.

2. Defendant Maas admits the allegations of Paragraph 2.

3. Defendant Maas, at this time, is without sufficient information to admit or deny the allegations of Paragraph 3, and therefore denies same.

4. The allegations of Paragraph 4 are conclusions of law requiring no response.

5. The allegations of Paragraph 5 are conclusions of law requiring no response.

6. The allegations of Paragraph 6 are conclusions of law requiring no response.

7.	The allegations of Paragraph 7 are conclusions of law requiring no response.

8.	The allegations of Paragraph 8 are conclusions of law requiring no response.

9.	Defendant Maas denies the allegations of Paragraph 9.

10.	The allegations in Paragraph 10 concern a Defendant other than Defendant Maas.  To the extent a response is required, Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 10, and therefore denies the same.

11.	Defendant Maas denies the allegations against him contained in Paragraph 11.  The remainder of the allegations in Paragraph 11 concern a Defendant other than Defendant Maas.  To the extent a response is required, Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the remainder of the allegations of Paragraph 11, and therefore denies the same

12.	Defendant Maas denies the allegations of Paragraph 12.

13.	The allegations in Paragraph 13 concern a Defendant other than Defendant Maas.  To the extent a response is required, Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 13, and therefore denies the same.

14.	Defendant Maas denies the allegations of Paragraph 14.

15.	Defendant Maas denies the allegations of Paragraph 15.

## COUNT I

16. Defendant Maas incorporates his responses to Paragraphs 1 through 15 as though fully set forth herein.

17. Defendant Maas denies the allegations of Paragraph 17, including subparts (a) through (b).

18. The allegations of Paragraph 18 are conclusions of law requiring no response.

19. Defendant Maas denies the allegations of Paragraph 19, including subparts (a) through (e).

20. The allegations of Paragraph 20 are conclusions of law requiring no response.

21. Defendant Maas denies the allegations of Paragraph 21.

22. Defendant Maas denies the allegations of Paragraph 22.

23. Defendant Maas denies the allegations of Paragraph 23.

24. Defendant Maas denies the allegations of Paragraph 24.

25. Defendant Maas denies the allegations of Paragraph 25.

26. Defendant Maas denies the allegations of Paragraph 26.

27. Defendant Maas denies the allegations of Paragraph 27.

28. Defendant Maas denies the allegations of Paragraph 28, including the allegations in the WHEREFORE clause following Paragraph 28.

## **COUNT II**

Defendant Maas does not respond to the allegations of Count II of Plaintiff's Second Amended Complaint and is much as said allegations are not directed against it. However, to the extent answers to the allegations of Count II of Plaintiff's Second Amended Complaint are deemed necessary, Defendant Maas answers as follows

29. Defendant Maas incorporates his responses to Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 30, and therefore denies the same.

31. Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32. Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 32, and therefore denies the same.

33. Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34. Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 34, and therefore denies the same.

35.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 35, and therefore denies the same.

36.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 36, and therefore denies the same.

37.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 38, and therefore denies the same.

39.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 39, and therefore denies the same.

40.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 40, and therefore denies the same.

41.     Defendant Maas, at this time, is without sufficient information or knowledge to admit or deny the allegations of Paragraph 41, and therefore denies the same, including the allegations in the "WHEREFORE" clause following Paragraph 41.

## GENERAL DENIAL

Defendant Maas hereby denies all allegations not expressly admitted herein.

## JURY DEMAND

Defendant Mass demands a jury trial of all issues of fact.

## AFFIRMATIVE DEFENSES

Defendant Maas, by and through his attorneys, states his affirmative defenses applicable to all Counts of Plaintiff's Second Amended Complaint as follows:

1. Plaintiff's Second Amended Complaint fails to state a cause of action upon which relief may be granted.

2. This Defendant denies that he used force, but to the extent that this Defendant used force as a law enforcement officer, he was justified to do so because he reasonably believed that such use of force was necessary because he reasonably believed that Plaintiff posed a significant threat to this Defendant or others.

3. All acts of this Defendant, if any, were for the purpose of carrying out his official duties and/or in defense of the aggressive acts of Plaintiff and this Defendant used only that force necessary to protect himself or other law enforcement officers.

4. The actions of this Defendant was in self-defense or in defense of others.

5. This Defendant denies the allegations made in Plaintiff's Second Amended Complaint, but if any actions were taken by this Defendant, they were discretionary in nature and taken in good faith and Defendant is protected from liability by the doctrine of qualified immunity.

6. This Defendant acted reasonably under the circumstances and his conduct was justified and/or privileged.

7. This Defendant states that any injuries the Plaintiff allegedly sustained as a result of the conduct alleged in Plaintiff's Second Amended Complaint (which this Defendant denies) were de minimis and do not implicate the deprivation of a constitutional right and are insufficient to support the claims set forth in Plaintiff's Second Amended Complaint.

8. This Defendant states that any alleged damages sustained or suffered by Plaintiff, which this Defendant denies, were solely and proximately caused by Plaintiff's own conduct.

9. Plaintiff, by his own conduct, consented to any acts of this Defendant.

10. Plaintiff was guilty of intentional conduct or negligence which caused or contributed to cause the events alleged in Plaintiff's Second Amended Complaint, including any alleged injury resulting to Plaintiff, in that Plaintiff: a) violently or aggressively resisted arrest; b) failed to appropriately respond to and/or obey verbal directives of law enforcement officers; c) struck a police vehicle, narrowly missing hitting a police officer in the process, and d) assumed the risk of injury when he knowingly engaged in conduct described herein above.

11. Plaintiff is estopped from asserting the claims set forth in his Second Amended Complaint by the illegality of his conduct and actions.

12. Plaintiff is not entitled to an award of punitive damages against this Defendant in his official capacity, pursuant to the 11th Amendment of the United States Constitution and the Missouri Sovereign Immunity Statute, Section 537.600, RSMo.

13. Any conduct of this Defendant was reasonable and that Plaintiff was actively resisting arrest and/or attempting to evade by flight.

14. This Defendant denies that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

15. To the extent Plaintiff seeks punitive damages against this Defendant, this Defendant states: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution.  Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded.  The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict.  This vagueness and ambiguity in turn threaten to deprive this defendant of its property without due process of law.

16. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri.  Specifically, defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

17. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against these defendants is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri.  Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

18. Plaintiff's claim is barred by the doctrine of official immunity.

19. Plaintiff's claim is barred by the public duty doctrine.

20. Plaintiff's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or the law set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

21  The acts complained of in Plaintiff's Second Amended Complaint were committed by an individual(s) other than Defendant Maas.

9

22. Plaintiff's alleged damages, which this defendant affirmatively denies, were caused, in whole or in part, by the intervening acts or omissions of persons or entities other than Defendant Maas over whom Defendant Maas had no control

23. Defendant Maas incorporates by reference any other affirmative defense plead by any other Defendant in this matter that applies to him.

WHEREFORE, having answered Plaintiff's Second Amended Complaint for Damages, Defendant Maas prays that the same be dismissed, allowing it to go hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorneys for Defendant Maas

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on February 19, 2020.

/s/ Ryan Bertels