IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Case No.: 4:19-CV-2356 |
| DAVID MAAS | ) ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

Now before the Court is Third-Party Witness Woodson Terrace Police Department's Motion for a Protective Order (Doc. # 25). Upon due consideration, the Motion is hereby GRANTED.

Third-Party Witness Woodson Terrace Police Department ("Woodson Terrace") was served with a subpoena in this matter. Responding to the subpoena will involve production of confidential information. Woodson Terrace wishes that any such confidential information shall not be made public, or be otherwise disseminated, except as set forth in this Protective Order. In order to preserve confidentiality and to facilitate discovery, this Court finds that good cause exists for the issuance of this Protective Order under the Rules of Civil Procedure. Therefore, this Court ORDERS that:

1.  For purposes of this Order, "confidential information" means information contained in any document, writing, paper, tangible thing, discovery response, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or statement that

(1) is might jeopardize the safety of a law enforcement officer or Sheriff's Department employee, (2) contains information about a person's medical treatment or condition, (3) is protected by a statutory requirement that it remain closed or confidential, or (4) contains information which could potentially violate the privacy of third-party individuals who are not a party to this lawsuit.

    2.    Whenever a party to this Agreement, including Woodson Terrace, (referred to herein as a "party" or "parties"), produces a document or thing containing information that the party reasonably considers confidential and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or thing that contains such information as "CONFIDENTIAL." Any copies made of such page or item or any abstract, summary or memorandum containing the confidential information shall be marked as "CONFIDENTIAL."

    3.    In designating information as "CONFIDENTIAL," a party shall make such a designation only as to materials that that party reasonably believes comprise or reflect information described in paragraph 1 above.

    4.    "CONFIDENTIAL" material shall be used by the parties to this case solely for the purpose of prosecuting or defending this case, and not for any other purpose whatsoever.

    5.    Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a) any person working on this action on behalf of any party, including attorney, paralegals, secretaries, stenographic and clerical employees working under the direct supervision of such attorney, and/or representatives providing, or which may provide, insurance coverage to any party;

b) an individual who is a party or one designated employee of a party, with disclosure only to the extent necessary to assist that party in this case;

c) expert witnesses, or potential expert witnesses, retained by the parties;

d) any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" material during his or her testimony by deposition or at trial, and may not retain "CONFIDENTIAL" material; and

e) this Court and employees of this Court to the extent necessary to assist the Court in this case.

6. A party producing confidential information is entitled to have treated as confidential, under the terms and meaning of this Order, information that any party obtains from non-parties that is identical to information designated by the producing party as confidential, unless this Court finds that the confidentiality of that information has been waived.

7. In the event a party seeks to maintain as confidential deposition testimony or all or a portion of a deposition transcript under the standards set forth in this Order, such party shall notify all of the parties during the deposition or no later than thirty (30) days after the receipt of the transcript of the deposition in question. The transcript and all

materials included in or attached to the transcript will be treated as confidential until the foregoing time period has expired or any designation of confidentiality is made.

8. Any party may object to the designation of materials as "CONFIDENTIAL" and may apply to this Court for an order removing such designation at any time, provided, however, (i) the party making such application shall show good cause for disclosure of such material; and (ii) nothing in this paragraph alters the burden of proof that would apply to a determination of whether the particular claim of confidentiality is justified. The material in question shall be kept confidential pending a final ruling by this Court granting the relief requested. The fact that the material is designated "CONFIDENTIAL" however, shall not delay or otherwise interfere with its discovery.

9. All deposition transcripts, exhibits, interrogatory answers, and other documents filed with this Court that have been designated confidential by a party in accordance with this Order, or any pleading or memorandum reproducing, quoting from, paraphrasing or otherwise substantially revealing the content of such information, shall be filed according to Local Rules or in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the caption of this litigation, a statement that the contents are protected from disclosure by a court order, an indication of the nature of the contents, and the words "CONFIDENTIAL: PROTECTED BY COURT ORDER FROM DISCLOSURE."

10. The parties and counsel for each party agree to abide by and be bound by this Order's provisions and to use due care to see that its provisions are known and

adhered to by those under their supervision or control and have agreed to abide by and be bound by this Order even before it is entered by the Court.

11. Nothing in this Order is intended to restrict the use of material designated as "CONFIDENTIAL" at the trial of this matter. The parties shall agree and consult with this Court at a later date to decide upon a reasonable procedure to be followed at trial so that the confidentiality of materials designated as "CONFIDENTIAL" shall be preserved.

12. Nothing in this Order shall be construed to entitle any party to obtain any document, thing, or information from another party or third party or to preclude any party from obtaining any document, thing, or information from any party or third party.

13. This Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

14. If any third party subpoenas or seeks to compel production of any confidential documents or information from the party who has received them under the terms of this Protective Order, the party who receives such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action, and give the other parties an opportunity to intervene in such action to make any objections regarding the subpoena or request to compel production. No confidential documents or information can be produced unless and until another court orders

production of such confidential documents over any objections from any party in this case, or this Court enters such an Order.

15. By agreeing to this Order, the parties agree to be bound by its terms, and the terms of this Order are binding on the parties to the same extent as if approved by the Court until approved by the Court or the Court orders otherwise.

Dated this 25th day of February, 2020.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE