# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Case No.: 4:19-CV-2356 |
| DAVID MAAS | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT MAAS' SUGGESTIONS IN SUPPORT
## OF HIS MOTION TO STAY PROCEEDINGS

Defendant David Maas ("Defendant Maas"), by and through his undersigned counsel, and for his Suggestion in Support of his Motion to Stay Proceedings states as follows:

## INTRODUCTION

Defendant Maas has been indicted by a Federal Grand Jury in the Eastern District of Missouri with one count of deprivation of rights under color of law. The criminal charges against Maas arise from allegations pertaining to an incident with Plaintiff Isaiah Forman on or about April 14, 2019, while Defendant Maas was employed as a police officer for Woodson Terrace Police Department. The instant lawsuit alleges a civil claim arising from the same subject matter that gave rise to the criminal charge. This Court should exercise its discretion and stay the instant lawsuit pending the outcome of the criminal case against Maas because the two proceedings are so interrelated and overlapping that Maas cannot protect himself at the civil trial by selectively invoking his Constitutional right against self-incrimination or otherwise effectively defend both cases.

## LEGAL STANDARD

The United States Supreme Court has approvingly acknowledged that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution." *United States v. Kordel*, 90 S.Ct. 763, n. 27 (1970). The trial court must decide whether to exercise its discretion to grant a stay "in light of the particular circumstances of the case." *Security and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. 1980). "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Id.* at 1376. The Eighth Circuit has held that to warrant a stay of a civil action because of a parallel criminal proceeding "defendant must make a strong showing that either the two proceedings are so interrelated that he cannot protect himself at a civil trial by selectively invoking his Fifth Amendment privilege…or that two trials will so overlap the effective defense of both is impossible." *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

## ARGUMENT

The same allegations supporting the Indictment against Maas serve as the basis of the claims against him in Plaintiff's Second Amended Complaint. (Doc. 22). Because Maas is involved in parallel criminal and civil actions arising from the same subject matter, he is forced with either having to defend the civil action and assert his Fifth

Amendment privilege, risking a significant adverse inference in the civil case, or defend the civil case at the cost of foregoing his Constitutional right against self-incrimination. This is precisely why trial courts have been vested with the discretionary power to stay a civil case pending the outcome of a parallel criminal proceeding. In this case, this Court should exercise that discretion and stay the instant civil proceeding.

The standard set forth by *Koester* is met in this matter. A review of the criminal charge pending against Maas and the allegations in the Second Amended Complaint demonstrate the two proceedings are so intertwined, interrelated and overlapping that Maas cannot protect himself by selectively invoking his Fifth Amendment right against self-incrimination and he will not be able to effectively defend both cases. In fact, as shown below, the criminal charges and the civil claims against Maas arise from the exact same subject matter.

The Grand Jury indicted Maas with a felony charge of deprivation of rights under color of law. *See* Ex. A. The time frame encompassing Maas' alleged conduct set forth in the indictment is April 14, 2019, while he was employed with Woodson Terrace Police Department. *Id*. The indictment alleges Maas deprived I.F. of his constitutional right to be free from excessive force by kicking and striking I.F. *Id*.

In the civil case, Plaintiff asserts a claim against Maas for excessive force in violation of his Fourth Amendment rights arising out of an incident on April 14, 2019. *See* Doc. 22 at p. 2 – 4. Specifically, Plaintiff alleges Defendant Maas used excessive force on him in attempting to arrest him by kicking and striking him. *Id.* at p. 2 – 3.

3

It is clear from the Indictment and the Second Amended Complaint that the civil and criminal cases are interrelated and overlapping. The time frames at issue are both the same date. The criminal charge and civil claims both allege Maas violated Plaintiff's constitutional rights by kicking and striking him while being employed as a police officer. The allegations in the Second Amended Complaint virtually mirror the charges in the Indictment.

Given the significant interrelatedness of the civil and criminal cases there is no reasonable way for Maas to selectively assert the Fifth Amendment privilege against self-incrimination or otherwise effectively defend both cases. Without a stay of this civil proceeding, Maas' assertion of his Fifth Amendment privilege is necessary to protect himself in the criminal case, but in doing so Maas will subject himself to an adverse inference in this case. *Baxter v. Palmigiano*, 245 U.S. 308, 318 (1976). Thus, Maas cannot effectively defend both cases.

Other jurisdictions have stayed civil actions in favor of parallel criminal proceedings when the cases overlap. In *Parker v. Dawson*, 2007 WL 2462677 (E.D. N.Y. 2007), the trial court stayed the civil proceeding in a case where plaintiffs sued for damages related to defendant's misappropriation of funds where defendant had criminal charges pending based, in part, on the same conduct. The trial court emphasized the importance of the fact the two cases directly overlapped, that denying the stay could undermine defendant's Fifth Amendment rights and could expose defendant's defense to prosecution in advance of trial. *Id.*

4

Maas is in the same position as that defendant, faced with a civil claim and a criminal charge arising from the same subject matter. The subject matter of Maas' criminal case is precisely the same as in Maas' civil case. The significant overlap in subject matter and issues among the criminal and civil cases warrants issuance of a stay of this proceeding until the criminal case against Maas is resolved.

The Eighth Circuit has not formally adopted a particular test to apply when considering whether to exercise discretion to stay a civil case when there is a pending criminal case arising from the same subject matter. Nevertheless, the Western District of Missouri has analyzed five factors in similar cases. *See Turley v. United States*, No. 02-4006-CV-C-NKL, 2002 WL 31097225 (Mo.W.D.Mo. Aug. 22, 2002) (unreported opinion) and *Cole v. Strauss*, 2014 U.S. Dist. LEXIS 113474 (W.D.Mo. 2014) (unreported opinion).

The factors set forth in both *Turley* and *Cole* include the following: (1) the interest in the plaintiff of proceeding with claims expeditiously and the potential prejudice to plaintiff of a delay; (2) the burden any particular aspect of the case may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interests of the public in the pending civil and criminal litigation. *Turley*, 2002 WL 31097225 at * 2; *Cole*, 2014 U.S. Dist. LEXIS 113474 at *23.

The first factor weighed is "the interest in the plaintiff of proceeding with claims expeditiously and the potential prejudice to plaintiff of a delay." *Turley* at *2. Here, Plaintiff's claims are for money damages and those claims will survive the resolution of

5

the criminal proceeding. There are no mitigating factors in this case weighing against a stay. Thus, Plaintiff will not be harmed if the stay is granted.

The second factor to weigh is the burden imposed on the defendant. *Id.* at *3. In *Turley*, the court concluded the government's criminal investigation would be impaired if the civil case was allowed to proceed and this factor weighed heavily in favor of staying the civil case. *Id.* Of particular importance to the court was the fact the government, in the civil case, would be required to voluntarily disclose the names of actual or potential witnesses, as well as a copy of, or description by category and location, of all documents the government may use to support its defenses. *Id.* In the instant case, Maas risks self-incrimination in answering written discovery or deposition questions. The allegations in the Second Amended Complaint and the charges in the Indictment are so intertwined and overlap to such a significant degree. The alternative, discussed above, is for Maas to proceed with defending the civil case at the cost of foregoing his Constitutional right against self-incrimination. Thus, the second factor weighs in favor of granting the stay.

The third factor to weigh is the burden on the court. *Id.* at *3. This factor involves the interest of the court in moving the cases on its docket to an expeditious conclusion and recognizing resolution of the "related criminal matter may eliminate much of the court's work in the civil action." *Id.* In *Turley*, the court noted there was no indictment, but only a criminal investigation and there was uncertainty whether criminal charges would ever be filed against plaintiffs. Even with this concern, the court weighed this factor in support of a stay. The court reasoned that such a stay would

6

promote judicial economy and efficiency. *Id.* The court also noted it would reconsider the length of the stay if an indictment was issued within the six month stay period. *Id.* at 4. Here, the uncertainty expressed in *Turley* about whether criminal charges will ever be issued does not exist, as an indictment has been issued against Maas. But, the *Turley* court's analysis of the potential benefits of a stay applies to this case. As suggested by the court in *Turley*, a stay of this proceeding pending the outcome of the criminal case against Maas should enhance judicial economy and efficiency by allowing for more efficient discovery because the likelihood of Fifth Amendment invocations in response to civil discovery could be reduced. The third factor weighs in favor of granting a stay of this proceeding.

The fourth and fifth factors to weigh are the interests of the public and non-parties. *Id*. In *Turley*, the court weighed these factors in favor of a stay, basing its decision in significant part on the fact that "[a]dministrative policy gives priority to the public interest in law enforcement." *Id*. Here, these last two factors weigh in favor of granting the stay. The public interest in law enforcement simply outweighs the competing interest of Plaintiff's right to a reasonably prompt determination of his claims. There is no imminent threat of harm to the public at large, and no basis to weigh these factors against a stay.

In summary, all five factors weigh in favor of granting a stay of this proceeding pending resolution of the criminal charges against Maas. Whether this Court applies the Eighth Circuit analysis of *Koester* or the five factors utilized in *Turley*, the result is the

same; this Court should exercise its discretion and stay this proceeding pending the resolution of Maas' criminal case.

## CONCLUSION

Based on the Eight Circuit analysis of *Koester*, this Court should exercise its discretion and stay this proceeding pending resolution of Maas' criminal case. The subject matter of the indictment against Maas and the civil claims set forth in the Second Amended Complaint are so interrelated and overlapping that Maas cannot protect himself by selectively asserting his Fifth Amendment privilege against self-incrimination or otherwise effectively defend both cases. For these reasons, this Court should exercise its discretion and grant a stay of this proceeding pending resolution of the criminal case against Maas.

WHEREFORE, Defendant Maas requests this Court grant his motion and enter an Order staying this civil proceeding pending resolution of the criminal charges against Maas and all other and further relief this court deems just and proper under the circumstances.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorneys for Defendant Maas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on March 24, 2020.

/s/ Ryan Bertels