# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 4:19-cv-02356-SNLJ |
| vs. ) | |
| ) | |
| DAVID MAAS, ) | |
| and CHASE WELLINGTON, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT MAAS' MOTION TO STAY PROCEEDINGS

COMES NOW Plaintiff Isaiah Forman, by and through his undersigned counsel and in opposition to Defendant Maas' Motion to Stay Proceedings would state as follows:

As a preliminary matter, Plaintiff would suggest that Defendant Maas' motion for stay is premature in that Defendant in his motion does not cite any specific discovery requests which Defendant would claim would give rise to invocation of Fifth Amendment privileges, nor has there been to date any invocation of Fifth Amendment privilege on the part of the Defendant in either this civil case or in the pending criminal case.

As this Court has stated in *Liggins v. Cohen*, 4:16-CV-413 AGF, slip op. at 3 (E.D. Mo Mar. 8, 2018), "[A] stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy."  Such an extraordinary remedy, if granted at all, should only flow from an extraordinary need.  Here, there is not even an allegation before this Court that the Defendant intends to raise a Fifth Amendment privilege against self incrimination in either the criminal case or this civil case.  Consequently, Plaintiff would respectfully suggest

1

that this motion to stay is premature in that there is not yet any extraordinary wrong to require an extraordinary remedy.

However, even if this case is ripe for consideration of Defendant Maas' motion to stay, under the law espoused by the Eight Circuit in *Koester v. American Republic Investments, Inc.*, 11 F. 3d 818 (8th Cir. 1994) and its progeny including the resent decision of this Court in *Aldridge v. City of St. Louis*, no 4:18-CV-1677 CAS (E.D. Mo, Jan. 15, 2020), the facts of this case weigh in favor of denying Defendant Maas' motion to stay these proceedings in their entirety, and would weigh in favor of denying a stay even with regard to Defendant Maas individually.

Although the Eight Circuit has not specified a set of factors to analyze whether a stay is necessary in light of parallel criminal proceedings, this Court and other districts in the Eighth Circuit have "generally considered the following factors adopted by the Ninth Circuit". *Aldridge v. City of St. Louis, supra,* also *White v. Feaman*, 2018 WL 5831261, at 2 (E.D. Mo. Nov. 7, 2018) quoting *Keating v. Office of Thrift Supervision*, 45 F. 3d 322, 325 (9th Cir. 1995).  Plaintiff would respectfully suggest that a consideration of those five factors weighs in favor of denying Defendant Maas' motion for stay:

    1.    <u>Plaintiff's interest in potential prejudice or delay</u>.

Plaintiff has a legitimate interest in the expeditious resolution of this case "which seeks to vindicate important constitutional rights" see *Aldridge v. City of St. Louis*, s*upra* at 7.

Plaintiff Isaiah Forman is a twenty-year-old man who is incarcerated and indigent. Time is the enemy of all successful litigation. "Witnesses relocate, memories fade and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time."

*Fidelity Nat. Title v. National Title Resources*, 890 F. Supp 1022 (D. Minn. 1997), *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp 805, 809 (N.D. Cal. 1989)

"A party is not entitled to delay resolution of a civil action, even to accommodate [his] Fifth Amendment interest, if [his] adversary's case would deteriorate as a result of the stay." *In re Phillips, Beckwith & Hall*, 896 F. Supp 553, 559 (E.D. Va 1995). Moreover, in Plaintiff's specific circumstances, delay in the resolution in this matter means delay in compensation for the wrongs committed against him. Compensation for those wrongs would provide Plaintiff with a means of accessing counsel for assistance in his own ongoing criminal matters and pursuing his other constitutional claims with regard to his conviction and incarceration.

The Plaintiff languishes in prison while the Defendant is free on bond.

2. Burden on Defendant Maas

Plaintiff concedes that the allegations against Maas in this action and those alleged in the government's criminal claim against Maas arise out of the same factual circumstances.

Although he has not yet done so, it is foreseeable that Defendant Maas might invoke his privilege against self incrimination under the Fifth Amendment of the United States Constitution and thereby be subject to an adverse inference instruction in the civil case.

However, as the Court of Appeals for the Western District of Missouri stated in *Johnson v. Missouri Bd. of Nursing Adm'rs*, 130 S.W.3d 619 (Mo. App.W.D. 2004) regarding adverse inferences:

> First, it is only that - an inference, which need not be accepted by the finder of fact. 'Inferences are by their nature permissive, not mandatory: although the fact proved rationally supports the conclusion the offering party hopes will be inferred, the factfinder is free to accept or reject the inference'.
> *Johnson v. Missouri Bd. of Nursing Adm'rs, supra,* quoting 1 CLIFFORD S. FISHMAN, JONES ON EVIDENCE, Section 4.1 at 299 – 300 (7th ed. 1992).

3

Further:

> [W]hile the finder of fact in the civil case is permitted to draw an adverse inference from a defendant's refusal, on Fifth Amendment grounds to comply with a plaintiff's discovery request, 'judgment may not be based on that silence alone, without requiring the plaintiff to present a *prima facie* case'.
> *Johnson v. Missouri Bd. of Nursing Adm'rs*, *supra* at 622 citing *Bootz v. Childs*, 627 F. Supp 94, 102 (N.D. Ill. 1985).

Even when the negative inference is drawn, it may be overcome or rebutted by or on behalf of a Fifth Amendment claimant. A civil defendant's privileged refusal to respond cannot, without more, be considered a *conclusive* judicial admission of the truth of the matters asserted therein. *Kramer v. Levitt*, 558 A.2d 760, 765-67 (1989). Consequently, the "cost" to the Defendant in this action of asserting his Fifth Amendment rights would not by itself be conclusive of Defendant's fault herein. The Plaintiff would still be required to present substantive evidence of his *prima facie* case, and the jury can assess such weight as it chooses to the claim of privilege.

More significantly in this case, the allegations of the Plaintiff are not based on the testimony of the Defendant, any discovery from the Defendant or any other statement or act on the part of the Defendant which might be considered incriminating and privileged under the Fifth Amendment. Plaintiff's claims in this case are captured on videotape by a variety of police departments' dash cameras and are self evident and independent of anything that this Defendant may or may not say. Any evidentiary significance of an adverse inference from the Defendant's refusal to testify would be *de minimis* compared to what the factfinder will see from the video evidence, thereby rendering any potential prejudice minimal at best.

3. <u>The Court's interest in case management and judicial efficiency</u>.

The underlying criminal action against Defendant Maas has just recently been filed, there is no trial date set, and pre-trial motions have yet to be filed. The duration of the criminal claim against Defendant Maas is unknown at this time but in the absence of a guilty plea, it will likely result in extended litigation and appeals. Moreover, the other Defendant in this action, Chase Wellington, has not moved for a stay of proceedings, is not under indictment, and is not at this time, to the knowledge of Plaintiff, subject to any criminal investigation or action.

Consequently, any stay imposed by this Court would only be a partial stay in favor of Defendant Maas and the claim against Defendant Wellington would proceed. Plaintiff would respectfully suggest that it would be a waste of judicial resources to have Plaintiff's claim against Defendant Wellington proceed, have discovery completed and then have to wait out the ultimate resolution of the criminal case against Defendant Maas. Plaintiff would respectfully suggest that the Court's interest in the timely resolution of this matter and the efficient management of its docket would weigh in favor of denying Defendant Maas' motion to stay.

4. <u>Interest of non-party and the public</u>.

This claim involves the allegation that Defendants Maas and Wellington, both Caucasian police officers, engaged in unnecessary and gratuitous violence against the Plaintiff, a twenty-year-old African American man suffering from mental illness, all of which played out on television in front of the general public.

> Few disputes grab America's conscience, and indeed that of civil societies throughout the world more than where there is a claim the very individuals or institutions people have mandated to use force when necessary to secure persons, rights, and property have…exceed[ed] the force necessary to uphold that mandate. *Ruszczyk v. Noor*, 2018 WL 4759838, at 5 (D. Minn. Oct. 2, 2018) cited in *Aldridge v. City of St. Louis*, *supra* at 10.

5

Plaintiff would respectfully suggest that non-parties and the general public, particularly at this time and in this location, have a profound interest in the judicial resolution of Plaintiff's allegations, whether that resolution is a determination that the Defendant's actions were justified, or that the Plaintiff's civil rights were violated. The general public has a belief in and need for the prompt resolution of claims of violations of citizens' civil rights, and delay of these proceedings creates, at a minimum, the impression that justice delayed is justice denied.

In conclusion, considering the relevant factors as established by the law in the Eighth Circuit and the other Courts of the United States, the Plaintiff has a genuine interest in getting this matter resolved as expeditiously as possible and the Defendant will suffer no significant prejudice whether or not he chooses to invoke the Fifth Amendment in defense of the civil action, in that the mere adverse inference raised by his refusal to testify pales in comparison to the other objective evidence. Plaintiff would suggest that judicial resources would be best served by permitting this case to proceed as currently scheduled and go to trial on the 4th day of January, 2021 pursuant to this Court's existing Order. Plaintiff would further respectfully suggest that the non-parties and general public in the Eastern District of Missouri have a strong and valid interest in seeing the allegations of police misconduct, abuse of citizens' civil rights, and the use of excessive force be promptly and justly resolved.

WHEREFORE, Plaintiff respectfully prays that Defendant David Maas' motion for stay be in all things denied or, in the alternative, that such motion for stay be partial in nature, permitting the Plaintiff's claim against Defendant Wellington to proceed unabated.

6

*Respectfully submitted,*

MCCLOSKEY, P.C.

BY:   */s/ Mark T. McCloskey*
     Mark T. McCloskey, #36144
     Patricia N. McCloskey, #36153
     The Niemann Mansion
     4472 Lindell Blvd.
     St. Louis, Missouri 63108
     (314) 721-4000 telephone
     (314) 721-3664 facsimile
     mccloskeylaw@aol.com
     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing was filed on **April 7, 2020** electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                             */s/ Mark T. McCloskey*