UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISaIAH FORMAN, ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:19-cv-02356-SNLJ |
| ) | |
| DAVID MASS, et al., ) | |
| et al., ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT WELLINGTON

Comes now Defendant Wellington and for Answer to Plaintiff's Second Amended Complaint states:

1. Defendant admits Forman is an adult individual, but lacks sufficient information to admit or deny, and therefore denies, his current residency as alleged in Paragraph 1.

2. Defendant lacks sufficient information to admit or deny, and therefore denies, Paragraph 2.

3. Defendant admits Paragraph 3.

4. Defendant makes no answer to the legal conclusions of Paragraph 4.

5. While Defendant does not contest venue in this Court, it is denied that "the events" occurred at all, at least as, "complained of", and Defendant therefore denies Paragraph 5.

6. Defendant makes no answer to the legal conclusions of Paragraph 6.

7. Defendant makes no answer to the legal conclusions of Paragraph 7.

8. Defendant admits Forman makes such a demand, though would deny that sufficient evidence will be adduced to support the right such a trial.

9. Defendant makes no answer to the legal conclusions of Paragraph 9.

Defendant lacks sufficient information to admit or deny, and therefore denies, the factual allegations, if any, of Paragraph 9.

10. Defendant makes no answer to the legal conclusions of Paragraph 10. Defendant denies the factual allegations, if any, of Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant lacks sufficient information to admit or deny, and therefore denies, the factual allegations, if any, of Paragraph 12.

13. Defendant denies Paragraph 13.

14. Defendant denies Paragraph 14.

15. Defendant makes no answer to the legal conclusions of Paragraph 15. Defendant denies the factual allegations, if any, of Paragraph 15.

Count I

Defendant understands Count I to be directed toward co-Defendant(s) and therefore makes no answer to it. Defendant reserves the right to answer Count I, and to make any and all affirmative defenses, if or when it is ever determined that Count I is directed toward Defendant.

Count II

29. In response to Paragraph 29, Defendant repeats and realleges his responses above, and denies any additional allegations purportedly incorporated into Paragraph 29 and that are deemed in any way directed against him.

30. Defendant denies Paragraph 30.

31. Defendant makes no answer to the legal conclusions of Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant makes no answer to the legal conclusions of Paragraph 33.

34. Defendant makes no answer to the legal conclusions of Paragraph 34. Defendant denies the factual allegations, if any, of Paragraph 34.

35. Defendant makes no answer to the legal conclusions of Paragraph 35.

Defendant denies the factual allegations, if any, of Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

38. Defendant denies Paragraph 38.

39. Defendant denies Paragraph 39.

40. Defendant makes no answer to the legal conclusions of Paragraph 40.

41. Defendant makes no answer to the legal conclusions of Paragraph 41. Defendant denies the factual allegations, if any, of Paragraph 41.

Affirmative Defenses to Count II

A. Count II fails to state a claim against Defendant upon which relief can be granted.

B. Defendant is shielded (to the extent, if any, sued in an individual capacity) by Qualified Immunity.

C. Defendant's actions were reasonable and justified under the circumstances by reasonable perceptions of Plaintiff resisting and potential for being armed.

D. Defendant's alleged injuries and claim would be barred by the *De Minimis* doctrine.

E. Any award of punitive damages would be barred (to the extent, if any sued in an official capacity).

F. Plaintiff was contributorily and comparatively at fault for any alleged injuries he may have suffered.

G. An award of punitive damages against Defendant would violate Defendant's procedural and substantive due process under the U.S. and Missouri Constitutions.

H. To the extent alleged force was used on Plaintiff after he had allegedly surrendered and was under police control, the Fourth Amendment's provisions relating to unreasonable "seizure" do not apply.

Conclusion

Defendant denies each and every allegation of Plaintiff's pleading that is not explicitly admitted herein and with respect to which denial is necessary in order to avoid such allegation being deemed admitted.

WHEREFORE, Defendants prays this Court enter favorable judgment and against Plaintiff, awarding Defendant all costs, attorney's fees, and expenses incurred herein.

/s/Mark H. Zoole
Mark H. Zoole, #38635MO
P.O. Box 190549
St. Louis, MO  63119
(314) 223-0436
zoole@sbcglobal.net
Counsel for Defendant Wellington

Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was sent to all counsel of record via the Court Clerk's electronic notification system, including but not necessarily limited to Mark T. McCloskey and Patricia N. McCloskey, 4472 Lindell, St. Louis, MO, 63108, on this 8th day of April, 2020.

/s/Mark H. Zoole