# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: 4:19-CV-2356 |
| | ) |
| DAVID MAAS, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT MAAS' REPLY SUGGESTIONS IN SUPPORT OF HIS MOTION TO STAY PROCEEDINGS

COMES NOW Defendant David Maas, by and through his undersigned counsel, and for his Reply Suggestions in Support of his Motion to Stay Proceedings (Doc. 30) in this matter, states to the Court as follows:

In his Suggestions in Opposition (Doc. 35), Plaintiff first states that Defendant Maas has not cited a specific discovery request which would require him to possibly assert his Fifth Amendment privilege. Plaintiff is aware he has sent interrogatories and requests for production to Defendant Maas, copies of which are attached as Exhibits A and B, which is the reason why Defendant Maas is requesting to issue a stay. It is likely that Plaintiff will also seek to take the deposition of Defendant Maas at some point in discovery of this case. Therefore, Defendant Maas' request to stay these proceedings is not premature as Plaintiff claims.

Plaintiff appears to agree that this Court should use the same five-factor test cited by Defendant Maas in his Motion to Stay. While Plaintiff does agree with the application

of these five factors to this case warranting a stay, a closer analysis shows he does not have a compelling reason for a stay not to be granted.

Regarding the first factor, the interest in the plaintiff of proceeding with claims expeditiously and the potential prejudice to plaintiff of a delay, Plaintiff claims without any evidence that his case would deteriorate if a stay were granted and he would be delayed in compensation for the alleged wrongs committed against him.  Doc. 35 at p. 2-3.  But Plaintiff's claims are for money damages and those claims will survive the resolution of the criminal proceeding. Moreover, this incident occurred less than a year ago, so the recollection of witnesses should still be fresh.  Plaintiff also argues that because is somehow incarcerated, he has a right to prompt resolution of his claim.  Doc. 35 at p. 3.  Plaintiff does not mention that he is currently incarcerated in prison after his probation for a felony robbery conviction was revoked because of the underlying armed robbery incident he was involved in during the incident at issue in this case.  Plaintiff is therefore in prison due to his own actions, and the fact that he is in prison does not create any potential delay in this lawsuit.

Regarding the second factor, the burden any aspect of the case may impose on defendant, Plaintiff argues there is no burden on Defendant Maas because there is a video so Plaintiff's claims are not based on statements of Defendant Maas.  This argument ignores the fact that Defendant Maas has the right to explain the circumstances of what took place on the video and to explain to the finder of fact what occurred.  In discovery and depositions in this matter, Defendant Maas risks self-incrimination in answering written discovery or deposition questions.  The alternative is for Defendant Maas to

proceed with defending the civil case at the cost of foregoing his Constitutional right against self-incrimination.  The burden on Defendant Maas is therefore substantial as he is essentially caught in a Catch-22 of deciding which case to defend, and this factor weighs in favor of staying the case.

      The third factor is convenience of the court in the management of its cases, and the efficient use of judicial resources.  Plaintiff argues it would be a waste of judicial resources to have the claim against separate Defendant Wellington proceed, while the claim against Defendant Maas is stayed.  Doc. 35 at p. 5.  Defendant Maas agrees, and respectfully asks that the entire case be stayed.  As of the date of this Reply, Defendant Wellington has not filed anything opposing Defendant Maas' Motion to Stay, and Defendant Maas is not aware of any prejudice to Defendant Wellington in a stay being granted.

      The fourth and fifth factors are the interests of persons not parties to the civil litigation, and the interests of the public in the pending civil and criminal litigation.  Plaintiff argues without any support that the public has a belief and need for the prompt resolution of claims.  Doc. 35 at p.6.  Plaintiff does not address Defendant Maas' argument that the public interest of law enforcement outweighs the competing interest of Plaintiff's right to a reasonably prompt determination of his claims.  The public interest will not be harmed by a civil case being stayed pending the outcome of a criminal case involving the same facts and circumstances.

      In summary, all five factors weigh in favor of granting a stay of this proceeding pending resolution of the criminal charges against Defendant Maas.

WHEREFORE, Defendant Maas requests this Court grant his motion and enter an Order staying this civil proceeding pending resolution of the criminal charges against Maas and all other and further relief this court deems just and proper under the circumstances.

        Respectfully Submitted,

        SCHREIMANN, RACKERS &
        FRANCKA, L.L.C.

        /s/ Ryan Bertels
        Chris Rackers, #41894
        Ryan Bertels, #55167
        931 Wildwood Drive, Suite 201
        Jefferson City, MO 65109
        573-634-7580
        573-635-6034 (facsimile)
        rb@srfblaw.com

        Attorneys for Defendant Maas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on April 13, 2020.

        /s/ Ryan Bertels